UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                        Plaintiff,<br><br>v.<br><br>HERZOG, et al.,<br><br>                        Defendants. | Case No. 3:22-cv-00564-ART-CLB<br><br>ORDER |

Plaintiff James Scott moves to amend the Court's December 20, 2023, screening order, arguing that the Court erroneously failed to state whether claims in the second amended complaint would proceed against Corrections Officer Johnson. (ECF No. 31). Scott argues that he should be permitted to proceed against Johnson on all claims. (*Id.* at 2). Federal Rule of Civil Procedure 60 provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on its own, with or without notice." *Id.*

As recounted in the screening order, Scott alleges that Johnson was among the corrections officers who transported him back to his cell after dialysis treatment on April 18, 2022, denied him access to an accessible toilet and shower after returning to his housing unit, and ignored his repeated pleas for those accommodations from 7:22 p.m. to 11:02 p.m. the same day. (ECF No. 19 at 3–5). The Court allowed claims under the First, Fourth, Eighth, and Fourteenth Amendments and the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") to proceed against other defendants based on the same allegations. (*See id.* at 9–23). But the Court overlooked Scott's allegations about Johnson when it did so. (*See id.*) The Court thus mistakenly failed to also allow these claims to proceed against Johnson.

1 The Court allowed claims under the Eighth Amendment to proceed against certain defendants for allegedly using excessive force to shove Scott back into the shower after nursing staff had arrived, and for and being indifferent to Scott's need to sanitize his catheter site and receive medical attention for his subsequent injuries. (*See id.* at 12–14, 16–17). But Scott does not allege that Johnson was among the defendants who shoved him back into the shower after he had urinated and defecated on himself, injuring his knee in the process, and left him there until Santos helped him into an accessible shower around 8:00 a.m. on April 19, 2022. (*See id.* at 7; *accord* ECF No. 17 at 12–17). The Court thus correctly did not allow these claims to proceed against Johnson.

It is therefore ordered that the motion to amend the December 20, 2023, screening order (ECF No. 31) is granted in part and denied in part.

It is further ordered that the screening order (ECF No. 19) is amended to state that the First Amendment retaliation claim, Fourth Amendment claim about unreasonable strip searches, Eighth Amendment claim about indifference to unsanitary prison conditions, and Fourteenth Amendment Equal Protection Clause claim may proceed against Johnson; and the claims under the ADA and RA may proceed against Johnson only in his official capacity.

It is further ordered that subject to the findings of the screening order (ECF No. 19), as amended by this order, within 21 days from the entry date of this order, the Attorney General's office will file a notice advising the Court and Scott whether it will accept service for Johnson. If the Attorney General's Office Cannot accept service for Johnson, the Office will file, under seal, but will not serve inmate Scott the last known address information it has for Johnson. If the last known address information for Johnson is a post office box, the Attorney General's Office will attempt to obtain and provide last known physical address for that defendant.

It is further ordered that if service cannot be accepted for Johnson, Scott will file a motion requesting issuance of a summons and specifying a full name and address for that defendant.

It is further ordered that if the Attorney General's Office accepts service of process for Johnson, then Johnson will file and serve an answer or other response to the second amended complaint (ECF No. 17) within 60 days from the entry date of this order.

The Clerk of the Court is directed to add Johnson to the docket as a defendant.

DATED THIS 15th day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3