UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III, <br><br>　　　　　　　　Plaintiff, <br><br>　v. <br><br>SGT. FNU HERZOG, *et al.*, <br><br>　　　　　　　　Defendants. | Case No. 3:22-CV-00564-ART-CLB <br><br>**ORDER DENYING MOTION TO EXTEND TIME AND GRANTING MOTION TO PROVIDE DEFENDANT'S TRUE NAME** <br><br>[ECF Nos. 59, 60] |

　　　　This case involves a civil rights action filed by Plaintiff James Edward Scott, III ("Scott"), an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Currently pending before the Court are Scott's motion to extend time to amend the pleadings, (ECF No. 59), and motion to provide the true name of Defendant Johnson, (ECF No. 60). For the reasons stated below, the Court denies Scott's motion to extend time and grants the motion to provide the Defendant's true name.

**I.　　MOTION TO EXTEND TIME**

　　　　Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

　　　　Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. A request made within 21 days of the subject deadline must be supported by a showing of good cause. LR 26-3. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for

extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Any request made after the expiration of the subject deadline will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

Scott's motion to extend time to file an amended complaint was filed on July 2, 2024, and seeks to extend the deadline from July 1, 2024, to September 1, 2024. (ECF No. 59.) Scott seeks to amend his complaint to include "newly discovered information that was revealed in the initial disclosures" which he received on June 17, 2024. (*Id.*) Based on this new information, Scott seeks to amend his complaint to add two defendants. (*Id.*)

From the timeline described in the motion, Scott received the information about the two defendants fourteen days before the expiration of the deadline to amend.[1] Scott does not explain why he was unable to file an amended complaint by the current deadline of July 1, 2024 but rather chose to immediately file a motion to extend time. Further, Scott does not explain *why* he needs to amend the complaint to add the defendants. Scott only states that he "has discovered two new defendants and as a direct consequence must amend the pleadings made in the operative complaint." (*Id.*) Although good cause is a non-rigorous standard, Scott must still provide the Court with something to support a finding of good cause. *Ahanchian*, 624 F.3d at 1259. Here, Scott merely states he "must"

---

[1] The timeliness of the motion to extend time is suspect, as the motion was filed on the Court's electronic filing system on July 2, 2024. (ECF No. 59.) However, the motion itself is dated on June 18, 2024. (*Id.* at 2.) Giving leniency to Scott as a *pro se* litigant, the Court will evaluate the motion as being filed before the subject deadline of July 1, 2024.

amend the pleadings. This is insufficient to show why Scott could not file an amended complaint during the two-week period between discovering the information and the deadline. Thus, the Court denies Scott's motion to extend time to file an amended complaint. (ECF No. 59.)

## II.     MOTION TO PROVIDE DEFENDANT'S TRUE NAME

Next, Scott filed a "Motion to Provide the True Name of Defendant Johnson as Joseph Johnson." (ECF No. 60.) This motion seeks to update the docket to reflect the full name of Defendant Johnson for his true name, "Joseph Johnson." (*Id.*) On April 15, 2024, the Court granted Scott's motion to amend the Court's screening order in part, allowing Scott to assert claims against Defendant Johnson. (*See* ECF No. 41.) The Court ordered the Clerk of the Court to add Johnson to the docket as a defendant. (*Id.*) Now, Scott requests the docket be updated to reflect the Defendant's true name, Joseph Johnson. (ECF No. 60.) The Court grants this motion directs the Clerk of the Court to update the docket to reflect Defendant Johnson's true name: "Joseph Johnson."

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Scott's motion to extend time to amend the pleadings, (ECF No. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that Scott's motion to provide Defendant's true name, (ECF No. 60), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court update the docket to reflect Defendant Johnson's true name: "Joseph Johnson."

**IT IS SO ORDERED.**

**DATED**: ___July 3, 2024___.

_____
**UNITED STATES MAGISTRATE JUDGE**