UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. FNU HERZOG, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00564-ART-CLB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 62] |

　　　This case involves a civil rights action filed by Plaintiff James Edward Scott, III, ("Scott"), an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Currently pending before the Court is Scott's motion to reconsider the Court's prior order, (ECF No. 61), that denied Scott's motion to extend time to amend the pleadings, (ECF No. 59). (ECF No. 62.) For the reasons discussed below, the Court grants Scott's motion for reconsideration is granted.

　　　A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

　　　Scott previously filed a motion to extend time to file a motion for leave to amend his complaint. (ECF No. 59.) Scott sought to amend his complaint to include "newly discovered information that was revealed in the initial disclosures" which he received on June 17, 2024. (*Id.*) The Court denied the motion to extend time for failure to show good cause existed for why he "could not file an amended complaint during the two-week period

between discovering the information and the [July 1, 2024] deadline." (ECF No. 61 at 3.) The Court noted that "[a]lthough good cause is a non-rigorous standard, Scott must still provide the Court with something to support a finding of good cause." (*Id.* at 2 (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).)

In the instant motion, Scott now explains that he was hospitalized from the morning of June 18, 2024, through the afternoon of June 28, 2024. (ECF No. 62.) Scott's motion meets the standard for reconsideration because it presents a valid reason why the Court should reconsider its prior order and presents facts "of a strongly convincing nature" in support of why Scott was unable to draft an amended complaint in time to file a motion for leave to file an amended complaint by the July 1, 2024, deadline. *Frasure*, 256 F. Supp. 2d at 1183. Upon reconsideration, Scott has now provided the Court with sufficient information make a finding that good cause exists to grant his motion to extend time to file a motion for leave to amend his complaint.[1] *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (good cause inquiry focuses primarily on the movant's diligence).

**IT IS THEREFORE ORDERED** that Scott's motion to reconsider, (ECF No. 62), is **GRANTED**;

**IT IS FURTHER ORDERED** that the deadline for Scott to file a motion for leave to amend his complaint is **Friday, July 26, 2024**.

**IT IS SO ORDERED.**

**DATED**: July 12, 2024.

UNITED STATES MAGISTRATE JUDGE

---

[1] This order only grants Scott an extension of time to file a motion for leave to amend his complaint. This order **does not** grant Scott leave to amend his complaint.