UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>  Plaintiff,<br><br>v.<br><br>HERZOG, *et. al.,*<br><br>  Defendants. | Case No. 3:22-cv-00564-ART-CLB<br><br>**ORDER GRANTING MOTION TO AMEND**<br><br>[ECF No. 68] |

Before the Court is Plaintiff James Edward Scott, III's ("Scott") motion for leave to file a third amended complaint. (ECF No. 68.) Defendants Christopher Herzog, Shawn Fluhrer, Robert Smith, David Craig, Chris Sawin, Daniel Kibbe, Anthony Rose, Daniel Omler, Anthony Cornell, Michael Ralston, Trenton Klein, Francisco Anguiano, Cynthia Purkey, and Joshua Collins filed a non-opposition to the motion. (ECF No. 69.) For the reasons discussed below, the motion, (ECF No. 68), is granted.

I.  **BACKGROUND**

Scott brings this civil rights lawsuit to redress constitutional violations that he allegedly suffered while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). On June 14, 2023, the Court screened Scott's First Amended Complaint, allowing all claims to proceed except the claim under the Fourteenth Amendment's Equal Protection Clause, which the Court dismissed with leave to amend by July 14, 2023. (ECF No. 14). Scott timely filed a Second Amended Complaint ("SAC"). (ECF No. 17). The Court screened the SAC on December 20, 2023, and allowed Scott to proceed on the following: (1) First Amendment retaliation claim against Defendants Herzog, Fluerher, Smith, Craig, Miller, Ryer, Sowin, Kibble, Rose, Omler, Cornell, Ralston, Klein, and Aguiano, and against Nurse Jane Doe when her true identity is learned; (2) Fourth Amendment claim regarding unreasonable strip searches against Defendants Herzog, Fluerher, Smith, Craig, Miller, Ryer, Sowin, Kibble, Rose, Omler, Cornell, Ralston, Klein, and Aguiano; (3)

Eighth Amendment medical needs claims about sanitizing catheter sites and injuries sustained in the non-ADA shower against Defendants Herzog, Fluerher, Smith, Craig, Miller, Ryer, Sowin, Kibble, Rose, Omler, Cornell, Ralston, Klein, and Aguiano, and against Nurse Jane Doe when her true identity is learned; (4) Eighth Amendment claim about unsanitary prison conditions against Defendants Miller, Ryer, Craig, Herzog, Fluerher, Sowin, Smith, Kibble, Rose, Omler, Cornell, Ralston, and Klein, and against Nurse Jane Doe when her true identity is learned; (5) Eighth Amendment excessive force claim against Defendants Klein, Rose, Collins, Cornell, Ralston, and Herzog; and (6) Fourteenth Amendment Equal Protection Clause claim against Defendants Herzog, Fluerher, Smith, Craig, Miller, Ryer, Sowin, Kibble, Rose, Omler, Cornell, Ralston, Klein, and Aguiano. (ECF No. 19.)

On March 4, 2024, Scott filed a motion to substitute Defendant Cidney Purkey (Pertney) for Defendant Nurse Jane Doe, which the Court granted. (ECF Nos. 25, 26.) On March 26, 2024, Scott filed a motion to amend the screening order, arguing the Court erroneously failed to state whether claims in the SAC would proceed against Correctional Officer Johnson. (ECF No. 31.) The Court ultimately granted in part and denied in part the motion, finding that the First Amendment retaliation claim, Fourth Amendment claim about unreasonable strip searches, Eighth Amendment claim about indifference to unsanitary prison conditions, and Fourteenth Amendment Equal Protection Clause claim could proceed against Johnson; and the claims under the ADA and RA could proceed against Johnson only in his official capacity. (ECF No. 41.)

On July 19, 2024, Scott filed a motion for leave to file an amended complaint, seeking to add Defendants Correctional Officer Ryan La Clair and Warden Nethanjah Breitenbach as defendants. (ECF No. 66.) However, the Court denied the motion with leave to refile as he failed to attach or provide a proposed Third Amended Complaint ("TAC"). (ECF No. 67.) Thereafter, Scott filed the instant motion for leave to file a TAC, which again seeks leave to add Defendants La Clair and Breitenbach as defendants. ///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

///

///

### III. DISCUSSION

Scott has filed a motion for leave to file a TAC to name two new Defendants, Warden Nethanjah Breitenbach and Correctional Officer Ryan La Clair. (ECF No. 68.) Scott's motion states that he learned of the defendants' identities through discovery. (*Id.*) Scott seeks to add these defendants to the following claims: (1) First Amendment retaliation claim; (2) Fourth Amendment claim regarding unreasonable strip searches; (3) Eighth Amendment medical needs claims about sanitizing catheter sites and injuries sustained in the non-ADA shower; (4) Eighth Amendment claim about unsanitary prison conditions; (5) Eighth Amendment excessive force claim; and (6) Fourteenth Amendment Equal Protection Clause claim. (ECF No. 68-1.)

In response to the motion, Defendants state they do not oppose Scott's motion to the extent it is requesting to add Warden Breitenbach and Officer La Clair as defendants in this matter, as it appears Scott found out the names of these individuals through the course of discovery. (ECF No. 69.)

Having reviewed and considered the factors under *Desertrain*, and for good cause appearing, the Court finds that Scott may properly amend his complaint to add the two above-named defendants, and thus the motion is granted. Additionally, the Court finds that the motion should be granted based on Defendants' non-opposition.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Scott's motion for leave to amend, (ECF No. 68), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL FILE** the third amended complaint, (ECF No. 68-1), on the docket as it is now the operative complaint in this action.

**IT IS FURTHER ORDERED** that Defendants Warden Nethanjah Breitenbach and Correctional Officer Ryan La Clair shall be added to the docket as defendants in this action.

**IT IS FURTHER ORDERED** that within 21 days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Scott of whether it

can or cannot accept service on behalf of Defendants Nethanjah Breitenbach and Ryan La Clair. If the Attorney General's Office cannot accept service on behalf of Nethanjah Breitenbach and Ryan La Clair, the Office shall file, under seal, but shall not serve on Scott, the last known address of Nethanjah Breitenbach and Ryan La Clair, if it has such information. If the last known address of Nethanjah Breitenbach and Ryan La Clair is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for Nethanjah Breitenbach and Ryan La Clair, Scott shall file a motion requesting issuance of a summons, specifying a full name and address for Nethanjah Breitenbach and Ryan La Clair.

**IT IS SO ORDERED.**

**DATED**: August 27, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**