UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:22-cv-00564-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER HERZOG, et al, | |
| Defendants. | |

Plaintiff James Edward Scott, III sued Defendants Christopher Herzog, Shawn Fluhrer, Robert Smith, David Craig, Chris Sawin, Daniel Kibbe, Anthony Rose, Daniel Omler, Anthony Cornell, Michael Ralston, Trenton Klein, Francisco Anguiano, Cynthia Purkey, Joshua Collins, Nethanjah Breitenbach, and Ryan La Clair for violations of his civil rights while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 71.) Before the Court is Magistrate Judge Carla Baldwin's Report and Recommendation (R&R) recommending that Defendants' motion for summary judgment be granted. (ECF No. 92.)

For the reasons set forth below, the Court adopts Judge Baldwin's R&R, granting Defendants' motion for summary judgment.

I.      FACTS AND PROCEDURAL HISTORY

The Court adopts the following facts from the R&R. While Mr. Scott was incarcerated at NNCC, he received dialysis treatment for a medical condition. (ECF No. 92 at 1–2.) On April 18, 2022, Mr. Scott was returning from dialysis treatment, when he refused to comply with the required strip search. (*Id.* at 2.) Mr. Scott was forced into a non-Americans with Disabilities Act ("ADA") compliant shower overnight, where he urinated and defecated on himself. (*Id.*) After several "man down" calls by Mr. Scott, Nurse Cidney Pertney arrived to provide medical treatment that was never administered. (*Id.*) When Mr. Scott fell in the shower,

he injured his leg. (*Id.*) On the morning of April 19, 2022, Mr. Scott was helped into an ADA shower and was able to clean himself. (*Id.*) He then had a medical exam and was subsequently moved to a new housing unit. (*Id.*)

On May 2, 2022, Mr. Scott filed Informal Grievance No. 2006-31-36997 regarding the incidents on April 18–19, 2022. (*Id.*) Mr. Scott did not receive a response before filing his First Level Grievance on July 12, 2022. (*Id.*) On October 20, 2022, Mr. Scott's grievance was denied for failing to include required documentation, and for including more than one issue. (*Id.*) Mr. Scott subsequently failed to raise his grievance to the Second Level, as required to administratively exhaust. (*Id.*)

On December 27, 2022, Mr. Scott filed this lawsuit. (ECF No. 1.) The court screened Mr. Scott's complaint and allowed him to proceed with the following claims: (1) First Amendment retaliation; (2) violation of the Fourth Amendment; (3) deliberate medical indifference in violation of the Eighth Amendment; (4) unsanitary conditions of confinement in violation of the Eighth Amendment; (5) excessive force in violation of the Eighth Amendment; (6) violation of the Fourteenth Amendment's Equal Protection Clause; and (7) violations of the ADA and Rehabilitation Act ("RA"). (ECF No. 19.)

Defendants subsequently moved for summary judgment, arguing: (1) Mr. Scott did not exhaust administrative remedies before filing this action; and (2) Defendants are entitled to qualified immunity. (ECF No. 84.) Mr. Scott was granted a significant extension but did not timely file a response to Defendants' motion for summary judgment. (*See e.g.,* ECF No. 91.)

Judge Baldwin concluded that Mr. Scott did not exhaust his administrative remedies and, therefore, summary judgment should be granted for Defendants. (ECF No. 92.) Mr. Scott failed to object within the allotted time period.

Several months later, Mr. Scott filed a response to Defendants' motion for summary judgment (ECF No. 93), and an objection to the R&R. (ECF No. 94.) In

response, Defendants filed a motion to strike these pleadings. (ECF No. 96.)

The Court has reviewed Mr. Scott's late-filed pleadings and finds that they would not change the outcome of Judge Baldwin's report and recommendation. The Court considers Mr. Scott's arguments in both his response and objection in reviewing the R&R.

## II.    LEGAL STANDARD

### A. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Mr. Scott objected to the R&R. (ECF Nos. 93, 94.) Therefore, the Court reviews the R&R *de novo* for issues Mr. Scott objected to.

### B. Motion for Summary Judgment

Summary judgment is appropriate when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248.

In considering a motion for summary judgment, "all reasonable inferences are drawn in the light most favorable to the non-moving party." *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). However, if the evidence of

the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex*, 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

## III.   ANALYSIS

Mr. Scott objects to the magistrate judge's conclusions on the ground that he could not administratively exhaust, because moving goalposts made the process unavailable. (ECF Nos. 93 at 3–4; 94 at 3.) In his response to Defendants' motion for summary judgment, Mr. Scott also moves for partial summary judgment on liability for his Eighth Amendment unsanitary conditions claim and his ADA/RA claim. (ECF No. 93.) Because the Court adopts Judge Baldwin's R&R and finds that Mr. Scott failed to administratively exhaust, the Court denies Mr. Scott's counter motion for partial summary judgment.

### A. Availability of Grievance Procedure

Mr. Scott argues that his grievances were rejected for reasons that show the AR 740 process was "obstructed or opaque." (ECF No. 94 at 3.) Mr. Scott specifically claims that the process was unavailable because his grievances were rejected for missing documents and containing multiple issues. (*Id.*)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. An inmate need exhaust only such administrative remedies as are "available." *Ross v. Blake*, 578 U.S. 632, 648 (2016); *see e.g.,*

*Eaton v. Blewett,* 50 F.4th 1240, 1245 (9th Cir. 2022).

The Supreme Court has recognized at least three ways in which an administrative remedy is unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) if it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross,* 578 U.S. at 633.

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca,* 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock,* 549 U.S. 199, 204, 216 (2007)). To determine if a defendant has proved a failure to exhaust under the PLRA, the court applies a burden-shifting framework. *Williams v. Paramo,* 775 F.3d 1182, 1191 (citing *Hilao v. Estate of Marcos,* 103 F.3d 767 (9th Cir. 1996)). The "defendant must prove that there is an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* (citations omitted). "Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable" because they were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* (quoting *Albino,* 747 F.3d at 1172 (citing *Hilao,* 103 F.3d at 778 n.5 (9th Cir. 1996))).

Mr. Scott does not dispute that Defendants met their initial burden. (*See* ECF Nos. 93, 94.) A review of Mr. Scott's grievance history shows that he did not properly grieve through all levels of the grievance process, as required by AR 740, because he never raised his grievance to the Second Level. (ECF No. 84-4 at 118–19.)

Mr. Scott instead argues that the rejections of his grievance 2006-31-36997

for "missing documents" and "multiple issues" constitute improper screening. (ECF Nos. 93 at 3–4; 94 at 3.) Both reasons that grievance 2006-31-36997 was rejected were listed explicitly within AR 740.04(2). Thus, because Mr. Scott's grievances were screened for proper reasons, the process was available, and he was required to administratively exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 825–27 (finding screening proper where rejection was supported by applicable regulations). Mr. Scott does not make any other argument about why the multiple rejection rationales show opacity, obstruction, or unavailability.

The Court therefore agrees with the R&R and finds that Mr. Scott has not demonstrated that the grievance process was unavailable, as to excuse proper exhaustion.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that the report and recommendation (ECF No. 92) is ADOPTED.

IT IS FURTHER ORDERED that the motion for summary judgment (ECF No. 84) is GRANTED.

IT IS FURTHER ORDERED that Mr. Scott's cross motion for summary judgment is DENIED. (ECF No. 93.)

IT IS FURTHER ORDERED that, good cause appearing, Mr. Scott's motion to file out of time is GRANTED. (ECF No. 94.)

IT IS FURTHER ORDERED that Defendants' motion to strike is DENIED AS MOOT. (ECF No. 96.)

IT IS FURTHER KINDLY ORDERED that the Clerk enter judgment in Defendants' favor and close the case.

Dated this 6th day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE